# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DEMETRIUS SMITH, et. al.,
    Plaintiffs

vs                                                  Case No. C-1-06-45
                                                      (Barrett, J.)
HAMILTON COUNTY TREASURER,      (Hogan, M.J.)
ROBERT GOERING, et. al.,
    Defendants

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant, Hamilton County Treasurer's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted (Doc. 13). To date, no response has been filed by Plaintiffs.[1]

## BACKGROUND

On December 27, 2004, Plaintiffs filed a complaint in the Court of Common Pleas of Hamilton County, Ohio, against several mortgage brokers, lending agencies, and banking entities claiming fraud and violations of consumer protection statutes arising from the Plaintiffs' purchases of three properties. *See*

---

[1] The Court previously granted Plaintiffs an extension of time until June 9, 2006, in which to obtain counsel, file an amended complaint and respond to Defendants' motions to dismiss. (*See* Doc. 37). Plaintiffs failed to secure counsel, amend their Complaint or respond to Defendant's motion by said date. Thereafter, Plaintiffs' Motion for Extension of Time (Doc. 57), to the extent it was deemed to relate to Defendant Treasurer's Motion to Dismiss, was denied. (*See* Doc. 61).

*Smith v. ABN AMRO*, Case No. A0410302 (filed Dec. 27, 2004). This state action is currently pending.

Prior to the filing of the instant action, the Plaintiffs attempted to remove Case A0410302 to federal court. In an order filed on December 14, 2005, the district court denied Plaintiffs' motion to remove with regard to Case A0410302, holding that Plaintiffs could not remove a case from State to Federal court under 28 U.S.C. § 1441(a). *See Smith v. ABN AMRO,* Case No. 1:05MC107 (Dlott, J. March 17, 2006).

In response, Plaintiffs filed the within action on January 26, 2006. Plaintiffs bring fifteen counts against Defendants, all of which are substantially similar, if not identical, to those alleged in *Smith v. ABN AMRO*, Case No. A0410302. With respect to Defendant Hamilton County Treasurer, Plaintiffs' only allegation is that "the real estate tax bill of the aforementioned real estate, issued the Hamilton County Treasurer defendant Robert Goering, was assigned to the Plaintiffs before closing on the real estate was completed. This shows falsity of the aforementioned real estate transactions and/or negligence and lack of supervision in the issuance of these taxes to plaintiffs. This has caused additional damages to the plaintiffs." (Doc. 6, Complaint, Count Fifteen). Defendant Hamilton County Treasurer now files this Motion to Dismiss for failure to state a claim upon which relief may be granted.

## OPINION

In determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

2

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)).

Pursuant to the Ohio Revised Code, Defendant Hamilton County Treasurer shall, "immediately upon receipt of any tax duplicate from the county auditor, . . . . cause to be prepared and mailed or delivered to each person charged on such duplicate with taxes or to an agent designated by such person, the tax bill prescribed by the commissioner of tax equalization under section 323.131 of the Revised Code." O.R.C. § 323.13. Under Ohio law, the County Auditor is the assessor of all real estate in the auditor's county for purposes of taxation and is charged with the responsibility to correct all clerical errors in the tax lists and duplicates in the name of the person charged with taxes or assessments, the valuation or assessment of property or in the amount of such taxes. O.R.C. §§ 319.35; 5713.01. Moreover, pursuant to O.R.C. § 5715.39(A), "[t]he tax commissioner may remit real property taxes, penalties, and interest found by the commissioner to have been illegally assessed." Plaintiffs' claim appears to be that they were erroneously taxed on their property prior to taking ownership thereof. We can find no statutory authority supporting Plaintiffs' claim against the Defendant Hamilton County Treasurer. As such, the Defendant Hamilton County Treasurer is not the proper party defendant to Plaintiffs' claim and Plaintiffs' Complaint, as it pertains to this defendant, fails to state a claim upon which relief may be granted.

3

## IT IS THEREFORE RECOMMENDED THAT

1) Defendant, Hamilton County Treasurer's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted (Doc. 13) be GRANTED.
2) Plaintiffs' Complaint be DISMISSED as to Defendant Hamilton County Treasurer.

Date: 1/9/07

Timothy S. Hogan
United States Magistrate Judge

J:\SMITHLE\TSHORDER\ABN.mtd.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Clemon L DeMus
   10234 Maria Avenue
   Cinti, OH 45231

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
   7002 0860 0006 5230 5424

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Amy K Smith
   Demetrious Smith
   4703 Winona Terrace
   Cinti, OH 45227

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
   7002 0860 0006 5230 5417

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835

1:06cv45 Doc. 62