# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEMETRIUS SMITH, et. al.,
      Plaintiffs

vs                                        Case No. C-1-06-45
                                             (Barrett, J.)
HAMILTON COUNTY TREASURER,      (Hogan, M.J.)
ROBERT GOERING, et. al.,
      Defendants

## ORDER

       This matter is before the Court on Plaintiff's Motion for Court-Appointed Attorney and Examiner, and Motion to Suspend Payments (Doc 39); Defendant Mid America's Opposition to Plaintiffs' Motion for Court Appointed Attorney (Doc. 40); the Memorandum of Defendant National Mortgage Funding in Opposition to "Plaintiffs' Motion for Court-Appointed Attorney and Examiner, and Motion to Suspend Payments" (Doc. 43); the Memorandum of Defendant Chase Home Finance LLC, Successor by Merger to Chase Manhattan Mortgage Corporation, in Opposition to Plaintiffs' Motion for Court-Appointed Attorney and Examiner and Motion to Suspend Payments (Doc. 48); and Plaintiffs' Reply thereto (Doc. 51).

       Also before the Court is Plaintiffs' Request for Nunc Pro Tunc Order & Stay Pending Appeal of Bankruptcy Appellate Panel or Stay Pending Decision of Panel of Whether to Transfer Appeal to District Court (Doc. 41); the Memorandum of Defendant National Mortgage Funding in Opposition to Plaintiffs' "Request for Nunc Pro Tunc Order & Stay Pending Appeal of Bankruptcy Appellate Panel" (Doc. 44); Defendant Mid America's Response to Plaintiffs' Request for Nunc Pro

Tunc Order & Stay Pending Appeal of Bankruptcy Panel (Doc. 46); and the Memorandum of Defendant Chase Home Finance LLC, Successor by Merger to Chase Manhattan Mortgage Corporation, in Opposition to Plaintiffs' Request for Nunc Pro Tunc Order and Stay Pending Appeal of Bankruptcy Appellate Panel (Doc. 47).

Plaintiffs' have asked the Court to appoint a lawyer and "court appointed examiner" under "Bankruptcy Rule 327."  Section 327 provides that:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327 of the Bankruptcy Code applies only to cases arising under Title 11.  Therefore, the appointment of counsel under the Bankruptcy Code is a matter within the exclusive jurisdiction and authority of the Bankruptcy Court and this Court has no authority under § 327 to appoint a bankruptcy examiner or an attorney for Plaintiffs in connection with their Chapter 13 bankruptcy or this litigation.  *See* 11 U.S.C. § 327.  Moreover, the statute grants the trustee, not the debtor, the authority, subject to the bankruptcy court's approval, to enlist the aid of such professionals. Accordingly, this provision is inapplicable and Plaintiffs' motion is denied.

Additionally, the Court must point out that appointment of counsel in civil cases is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  "It is a privilege that is justified only by exceptional circumstances." *Id.* at 606 (citations omitted).  In determining whether exceptional circumstances exist, court have examined the types of case and the abilities of the plaintiff to represent him or herself.  *Id.*  As the *Lavado* court stated, "[a]ppointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a pro se litigant's claims are frivolous. . ., or when the chances of success are extremely slim.  *Id.*  Moreover, "courts should not grant such applications indiscriminately," since "volunteer lawyer time is a precious commodity" that courts cannot afford to waste. *Cooper v. A Sargenti Co., Inc.*, 877 F.2d 170, 172 (2nd Cir. 1989).  Appointment cannot be justified unless, at a minimum, the litigant is indigent to the point of being unable to afford an attorney and "the indigent's [litigation] position is likely to be of

substance." *Id.*

In the instant case, Plaintiffs have not demonstrated that exceptional circumstances exist or that this is the type of case where they will be unable to represent themselves. Plaintiffs have demonstrated, by their actions in this action as well as their other lawsuits that they can adequately represent themselves and present the claims which they have asserted. Accordingly, Plaintiffs' motion for appointment of counsel is denied.

Plaintiffs have also filed a "Motion to Suspend Payments." (Doc. 39). However, no argument was advanced with respect to such motion. Rather, Plaintiffs focused their arguments solely on their request for a court appointed attorney and examiner. Plaintiffs have, therefore, offered no basis for, or authority in support of, their motion. As such, Plaintiffs' Motion to Suspend Payments (Doc. 39) is denied.

Next Plaintiffs have filed a "Request for Nunc Pro Tunc Order & Stay Pending Appeal of Bankruptcy Appellate Panel" (Doc. 41). Plaintiffs seek a stay pursuant to the Federal Rules of Bankruptcy Procedure 8005 and Fed. R. Civ. P. 37. Rule 37 concerns the failure to cooperate in the discovery process and appropriate sanctions for such conduct. As such, it is entirely irrelevant to Plaintiffs' requested stay and cannot provide a basis for such request. Rule 8005 provides, in pertinent part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, . . . or for other relief pending appeal must ordinarily be presented to the *bankruptcy judge* in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, *but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge*.

Fed. R. Bankr. P 8005.

As is clear from the plain language of this rule, the rule provides for a stay of judgment or proceedings in bankruptcy cases, and is wholly inapplicable to civil proceedings in district court. "Bankruptcy Rule 8005 sets forth a procedure by which a party may seek a general stay of a bankruptcy court's order pending appeal so that the estate and the status quo may be preserved pending resolution of the appeal." *In Re Chateaugay Corp.*, 988 F. 2d 322 (2nd Cir. 1993); *see also In re Onouli-Kona Land Co.*, 846 F. 2d 1170,1172 (9th Cir. 1988). Thus, Rule 8005 does not provide an appropriate basis for a stay of the proceedings in the present action. Moreover, even if Rule 8005 was applicable, Plaintiffs have failed to show that they first presented motion for a stay of the bankruptcy court's order to the bankruptcy judge "in the first instance" and why such relief was not obtained from the bankruptcy judge, as required by the Rule. Accordingly, Plaintiffs' Motion for Nunc Pro Tunc Order & Stay Pending Appeal of Bankruptcy Appellate Panel (Doc. 41) is denied.

### IT IS THEREFORE ORDERED THAT:

1) Plaintiff's Motion for Court-Appointed Attorney and Examiner, and Motion to Suspend Payments (Doc 39) be DENIED.

2) Plaintiffs' Request for Nunc Pro Tunc Order & Stay Pending Appeal of Bankruptcy Appellate Panel" (Doc. 41) be DENIED.

SO ORDERED.


Date _1/12/2007____              _s/Timothy S. Hogan_____
                                 Timothy S. Hogan
                                 United States Magistrate Judge


J:\SMITHLE\TSHORDER\ABN.appoint.wpd