UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

DEMETRIUS SMITH, et. al.,
    Plaintiffs

    vs                                      Case No. C-1-06-45
                                           (Barrett, J.)
HAMILTON COUNTY TREASURER,    (Hogan, M.J.)
ROBERT GOERING, et. al.,
    Defendants

---

## REPORT AND RECOMMENDATION

---

This matter is before the Court on Defendant Mid America Land Title Agency, Inc's ("Mid America") Motion to Dismiss (Doc. 17); Defendant Chelsea Title Agency of Cincinnati, Inc.'s Motion to Dismiss (Doc. 19); Defendant Mortgage Electronic Registration System Inc.'s Motion to Dismiss (Doc. 23); the Motion of Defendant Chase Home Finance LLC, Successor by Merger to Chase Manhattan Mortgage Corporation, to Dismiss Complaint (Doc. 25) and Motion of Defendant National Mortgage Funding for an Order Dismissing Plaintiffs' Complaint (Doc. 28). Also before the Court is Defendant ABN AMRO Mortgage Group, Inc.'s ("ABN AMRO")Motion to Dismiss Plaintiff's Complaint (Doc. 54) and Plaintiffs' Opposition to All Defendants' Motions to Dismiss (Doc. 67).[1]

---

[1] The Court previously granted Plaintiffs an extension of time until June 9, 2006, in which to obtain counsel, file an amended complaint and respond to Defendants' motions to dismiss. (*See* Doc. 37). Plaintiffs failed to secure counsel, amend their Complaint or respond to Defendant's motion by said date. Thereafter, Plaintiffs' Motion for Extension of Time (Doc. 57), to the extent it was deemed to relate to the motions to dismiss of all Defendants other than ABN AMRO, was denied. (*See* Doc. 61). Plaintiffs nonetheless filed a memorandum in opposition to "All Defendants' Motions to Dismiss." We will allow Plaintiffs their opportunity to be heard on the subject but find that their memorandum offers little of

Defendants request that the Court dismiss Plaintiffs' Complaint against them for, among other reasons, failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).[2]

## BACKGROUND

On December 27, 2004, Plaintiffs filed a complaint in the Court of Common Pleas of Hamilton County, Ohio, against several mortgage brokers, lending agencies, and banking entities claiming fraud and violations of consumer protection statutes arising from the Plaintiffs' purchases of three properties. *See Smith v. ABN AMRO*, Case No. A0410302 (C.P Hamilton Cty Dec. 27, 2004). This state action was voluntarily dismissed by Plaintiffs on April 28, 2006.[3]

Prior to the filing of the instant action, the Plaintiffs attempted to remove Case A0410302 to federal court. In an order filed on December 14, 2005, the district court denied Plaintiffs' motion to remove with regard to Case A0410302, holding that Plaintiffs could not remove a case from State to Federal court under 28 U.S.C. § 1441(a). *See Smith v. ABN AMRO,* Case No. 1:05MC107 (Dlott, J. March 17, 2006).

In response, Plaintiffs filed the within action on January 26, 2006. Plaintiffs bring fifteen counts against Defendants, all of which are substantially similar, if not identical, to those alleged in their state court case.

Also prior to this litigation, on January 7, 2004, Plaintiffs filed a voluntary Chapter 13 Petition in the United States Bankruptcy Court for the Southern District

---

substance in response to Defendants' motions to dismiss.

[2] While only Defendant Mid America Land and National Mortgage Funding argue for dismissal pursuant to Fed. R. Civ. P. 12(b)(2), their arguments are equally applicable to the other Defendants. Moreover, the Supreme Court has indicated that "abstention may be raised by the court sua sponte." *Bellotti v. Baird*, 428 U.S. 132, 134 n.10 (1976); *see also Federal Express Corp. v. Tenn. Public Serv. Commission,* 425 F.2d 962, 966 (6th Cir. 1991).

[3] According to Defendant National Mortgage Funding,, Plaintiffs filed a voluntary dismissal on April 28, 2006 in their state court case thus rendering moot their arguments with respect to abstention under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976). (*See* Doc.36). While Plaintiffs' Notice of Dismissal does not appear on the docket for said case, the Court has confirmed with the state court involved that the case is indeed closed. (*See also* Notice of Voluntary Dismissal, *Smith v. ABN AMRO*, A 0410302 ((C.P Hamilton Cty Dec. 27, 2004), attached hereto as Exhibit "A").

2

of Ohio. *See In re Smith*, 04-bk-10066 (Bankr. S.D. Ohio)(J. Aug). The Order Confirming Plan under Chapter 13 was issued on April 20, 2004. Plaintiffs' bankruptcy action is currently on appeal to the Bankruptcy Appellate Panel.

**OPINION**

Under §521 of the Bankruptcy Code, a debtor is required to file a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." 11 U.S.C. § 521(1). The Sixth Circuit has noted, and it is well settled, that a cause of action is an asset that must be scheduled under § 521(1). *Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 897 (6th Cir. 2004); *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. July 6, 2005). Furthermore, the debtor's obligation to disclose all potential causes of action is a continuing obligation, and one which is critical to the bankruptcy process. *See In re Coastal Plains, Inc.* 179 F.3d 197, 208 (5th Cir. 1999)(citing *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414 (3d Cir. 1988)). Because the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all their assets, courts typically will preclude former debtors from pursuing claims about which the debtors had knowledge, but failed to disclose during the debtor's bankruptcy proceedings. *Id. ; see also In re Superior Crewboats, Inc.,* 374 F. 3d 330 (5th Cir. 2004); *Barger v. City of Cartersville, Georgia*, 348 F.3d 1289 (11th Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir. 2002); *Lewis v. Weyerhaeuser Co.,* 141 Fed. Appx. 420 (6th Cir. July 6, 2005)(unreported); *Tyler v. Federal Express Corporation*, 420 F.Supp.2d 849 (W.D. Tenn. Nov. 2, 2005).

Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)(quoting *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)). The purpose of judicial estoppel has been "uniformly recognized" as "protect[ing] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 749-50(internal citations and quotations omitted). The Supreme Court has held that, because the purpose of the doctrine is "to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." *Id.* at 750 (internal citations and quotations omitted).

While the Supreme Court has noted that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation or principle," the Court identified three considerations that are typically relevant in determining whether judicial estoppel should apply. *Lewis*, at 425(citing *New Hampshire,* 532 U.S. at 750-51). These are: 1) "a party's later position must be clearly inconsistent with its earlier position;" 2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled;" and 3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* The Supreme Court, however, stressed that these considerations, are not intended to establish "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." *Id.* at 751. Indeed, the Court observed that "it may be appropriate to resist the application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'" *Id.* at 753.

Defendants ABN AMRO and National Mortgage Funding argue that Plaintiffs' pursuit of the current action is contrary to their sworn bankruptcy petition. Plaintiffs' pursuit of the present cause of action after submitting a claim to the bankruptcy court in which they failed to disclose said cause of action clearly establishes the first factor in the application of judicial estoppel. *Tyler,*420 F.Supp.2d at 856(citing *Lewis,* 141 Fed. Appx. at 425)("pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel."). Furthermore, the bankruptcy court's confirmation of the plan of reorganization, (Doc. 40) which constitutes a final judgment in bankruptcy proceedings[4], clearly indicates that the bankruptcy court accepted Plaintiffs' representation that they possessed no potential causes of action thereby constituting "judicial acceptance" of Plaintiffs' position. *Lewis,,* 141 Fed. Appx. at 425 (citing *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988)("[W]hen a bankruptcy court . . . approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that . . .is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position."). While Plaintiffs filed a Motion to Modify Plan disclosing vaguely that they were "in litigation with Defendant ABN AMRO and Defendant

---

[4] *See Sanders Confectionery Prods. v. Heller Fin. Inc.,* 973 F.3d 474, 480, 484 (6th Cir. 1992); *see also Browning v. Levy,* 283 F.3d 761, 772 (6th Cir. 1992).

4

Chase regarding the three properties, they subsequently withdrew the motion.[5] (*See In re Smith*, 04-bk-10066, Docs. 87, 89). Thus, the reorganization plan was not modified to include the present action as an asset in Plaintiffs' bankruptcy action. Finally, it is clear that the unfair advantage to be derived is that, should Plaintiffs prevail at trial, any damages awarded have escaped the clutches of the bankruptcy estate. Although, it can be argued that, once alerted, the bankruptcy court could re-open Plaintiffs' bankruptcy action to claim any such funds, the question remains whether the court would be so notified by Plaintiffs. As such, the trustee's current knowledge of the present action, if any, does little to negate the advantage Plaintiffs originally sought by failing to disclose their cause of action in the bankruptcy proceeding. As the Eleventh Circuit noted in *Burnes*,

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back up, re-open the bankruptcy case, and amend his bankruptcy filings only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets.

*Burnes,* 191 F.3d at 1288.

As previously stated, it is well settled that judicial estoppel is inapplicable when the prior inconsistent position occurred as a result of "mistake or inadvertence." *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002)(relying on *United States v. Hussein,* 178 F.3d 125, 130 (2d Cir. 1999); *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196-97 (4th Cir. 1998); *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997)) *see also New Hampshire,* 532 U.S. at 753; *In re Coastal Plains, Inc.*, 179 F.3d at 210. To determine whether Plaintiffs' omission is inadvertent ,the court considers whether: 1) the plaintiffs lacked the knowledge of the factual basis of the undisclosed claims; or 2) the plaintiffs had no motive for concealment. *Browning*, 283 F.3d at 776 (citing *In re Coastal Plains, Inc.,* 179 F.3d at 210).

---

[5] It is not clear to which "litigation" Plaintiffs were referring as Plaintiffs' properties were the subject of foreclosure actions by both ABN AMRO and Chase Manhattan Mortgage Company. *See ABN AMRO v. Smith,* Case No. A0309785; *ABN AMRO v. Smith*, Case No. A0403664; and *Chase Manhattan v. Smith*, Case No. A0408502.

Plaintiffs do not attempt to argue that they were unaware of the factual basis of their present cause of action. Indeed, Plaintiffs informed the bankruptcy court of their claim for "flipping" against Angela and Jeffrey Henry. (*See In re Smith*, 04-bk-10066 at Doc. 1) On June 29, 2004, Plaintiffs filed an amended Schedule B wherein they disclosed the "Flipping" claim, as well as another claim for personal injury. (*See In re Smith*, 04-bk-10066 at Doc. 48). It is clear to this Court that Plaintiff had knowledge of the factual basis upon which her present claims rest during the pendency of their bankruptcy action. Although Plaintiff's Complaint in the present action was not filed until January 26, 2006, nearly two years after the confirmation of the bankruptcy plan for reorganization, the present action had clearly been filed as of the date of Plaintiffs' aborted attempt to modify the reorganization plan to include the pending foreclosure actions in state court on March 6, 2006. (*Id.* at Doc. 87).

Plaintiffs make no attempt to argue that they had no motive for concealment. Plaintiffs had the time and opportunity on several occasions to notify the bankruptcy court of the present cause of action, but failed to do so. Plaintiffs' motive for concealment is patently obvious: had the existence of their bankruptcy action not been brought to the attention of the Court by Defendants, Plaintiffs would stand to reap the full benefit of any damages awarded in the present action. Plaintiffs have offered no evidence that they intended to inform the bankruptcy court of any award they might acquire and have offered no explanation as to why they failed to take any significant action to make the bankruptcy court aware of their pending cause of action. From January 26, 2006 when they filed their Complaint in this Court, until today, Plaintiffs have taken no "self-initiated" steps to notify the trustee or the bankruptcy court of their pending lawsuit. *Tyler*, 420 F.Supp.2d at 858. As the *Tyler* court so aptly put it, Plaintiffs have "offered no explanation or actions from which this Court can infer the 'clearly establish[ed] desire to apprise the court of the pending claim' found in *Eubanks*." *Id.* (citing *Eubanks,* 385 F.3d at 899 n.2). There is simply no indication that Plaintiffs intended to notify the bankruptcy court of any damage award gained from this action. For these reasons, as well as those stated above, the Court finds that Plaintiffs' failure to disclose the present cause of action in their bankruptcy petition was not inadvertent or a mistake. Accordingly, Plaintiffs are estopped from pursuing the present action. *Lewis*, 141 Fed. Appx. 420.[6]

---

[6] In applying judicial estoppel, the Eleventh Circuit has made a distinction between monetary claims and claims for injunctive relief. *See Barger*, 348 F.3d at 1297; *Burnes,* 291 F.3d at 1288-89. We find no such

Defendants ABN AMRO and Chase Manhattan also argue that Plaintiffs lack standing to bring the present action based upon their prior bankruptcy action. Section 541 of the Bankruptcy Code provides, in pertinent part, that,

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1). "Thus, the Trustee is the real party in interest and it has exclusive standing to assert any discrimination claims." *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). It might be argued that the Court should allow Plaintiffs to substitute the Trustee under Fed. R. Civ. P. 17 and 25(c), because the interest in the present action has transferred to the Trustee, as the real party in interest, *see Barger*, 385 F.3d at 1292-93, and that the Court is prohibited from dismissing this action until a reasonable time has been allowed for substitution of the Trustee. Fed. R. Civ. P. 17(a). However, we find, as did the Fifth Circuit in *In re Superior Crewboats, Inc.,* that, in light of our judicial estoppel determination, any Rule 17(a) argument regarding the substitution of the trustee as plaintiff in this action would be moot. 374 F. 3d 330, 336 (5th Cir. 2004).

Because we find that Plaintiffs are judicially estopped from proceeding with the present action, we need not reach Defendants' remaining arguments with respect to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Moreover, both Defendants, Mid America and National Mortgage Funding, acknowledge that their arguments with respect to abstention under *Colorado River* have been rendered moot by Plaintiffs' voluntary dismissal of their state court action. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). As such, we need not address Defendants'

---

distinction in the Sixth Circuit. Indeed, we believe the Sixth Circuit's language indicates a focus on claims, rather than remedies. *See Eubanks*, 385 F.3d at 899 (reversing the district court's decision barring plaintiff's "*civil claim*" as judicially estopped); *Browning*, 283 F.3d at 776 (plaintiff's successor's inadvertence renders application of judicial estoppel inappropriate to prevent it from asserting "*its claims*") *Lewis*, 141 Fed. Appx. at 426 ("we ultimately conclude that judicial estoppel bars Lewis from pursuing *her claim*."). Accordingly, we find that judicial estoppel applies to a plaintiff's claims and all remedies stemming from such.

7

previous arguments with respect to this issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Defendants' Motions to Dismiss (Docs. 28, 54) be GRANTED[7];

2) Plaintiffs' Complaint be DISMISSED in its entirety as judicially estopped;

3) The remaining motions to dismiss (Docs. 17, 19, 23, 25) be DENIED as MOOT;

4) This case be TERMINATED on the Court's Docket.

Date _1/22/2007_____        _s/Timothy S. Hogan_____
                              Timothy S. Hogan
                              United States Magistrate Judge

J:\SMITHLE\MTNDISM\midamerica.mtd.wpd

---

[7] While Defendants ABN AMRO and Chase Manhattan are the only two defendants to offer arguments with respect to judicial estoppel, we find that dismissal under this theory is equally applicable to all the defendants in this action. Hence, Plaintiffs' Complaint should be dismissed in its entirety and the remaining motions to dismiss are therefore rendered moot.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DEMETRIOUS SMITH, et al.,
    Plaintiff

vs

HAMILTON COUNTY TREASURER,
ROBERT GOERING, et al.,
    Defendant

Case No. C-1-06-0045
(Barrett, J.)
(Hogan, M.J.)

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 1/22/2007. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

Rose Ann Fleming
BAR ID: 0041337
ROSE ANN FLEMING PROFESSIONAL CORPORATION
3855 Ledgewood Drive, Suite 13
Cincinnati, OH 45207
Phone: 513-924-8389
Fax: 513-924-8389
Email: Fleming@xavier.edu
Attorney for Plaintiffs

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| DEMETRIOUS SMITH<br>and<br>AMY K. SMITH<br><br>Plaintiffs,<br><br>vs.<br><br>ABN AMRO MORTGAGE GROUP, INC.,<br><br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: A 0410302<br><br>**NOTICE OF VOLUNTARY DISMISSAL**<br><br>Magistrate Richard Bernat<br>Judge David P. Davis |

Come now, Plaintiffs, Demetrious Smith and Amy K. Smith, to respectfully give Notice of Voluntary Dismissal of their Verified Complaint for Fraud, Violation of Consumer Statutes, and Injunctive Relief, without prejudice, pursuant to Ohio Civil Rule 41(A)(1)(a).

Respectfully submitted,

_____
Rose Ann Fleming (0041337)
Rose Ann Fleming. P.C.
3855 Ledgewood Drive, Suite 13
Cincinnati, Ohio 45207
Phone: 513-745-3648
Fax:    513-745-4282
Email: Fleming@xavier.edu

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the following were served by facsimile transmission and/or U.S. mail, on 28 day of April, 2006.

Ex A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Demetrious Smith<br>Amy K Smith<br>4703 Winona Terrace<br>Cinti, OH 45227 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*)   ☐ Yes | |
| 2. Article Number<br>(*Transfer from service label*) | 7002 0860 0006 5230 5462 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-0835 |

1:06cv45 Doc.69