# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Demetrious Smith, *et al.*,

      Plaintiffs,

      v.                        Case No. 1:06cv45

ABN AMRO Mortgage Group Inc., *et al.*      Judge Michael R. Barrett

      Defendants.

## <u>ORDER</u>

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("R&R") dated January 9, 2007 (Doc. 62) and the Magistrate Judge's R&R dated January 22, 2007 (Doc. 69).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] In response to the January 9, 2007 R&R, Plaintiffs filed a two-part pleading, which includes both a Motion for Reconsideration and an Opposition to Defendants' Motions to Dismiss. (Docs. 66, 67) In response to the January 22, 2007 R&R, Plaintiffs filed a Motion of Opposition. (Doc. 70) Defendants National Mortgage Funding, Chase Home Finance, LLC, and ABN AMRO Mortgage Group, Inc. filed Responses in Opposition to Plaintiffs' Motion of Opposition (Docs. 71, 72, 73) Plaintiffs filed a response to these Responses, entitled "Response: to Defendants' Motion against 'Plaintiff's Objections to Magistrate

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Judge's Report and Recommendation' and 'Request for Classification as Complex Litigation.'" (Doc. 74)  Defendants National Mortgage Funding and ABN AMRO Mortgage Group Inc. filed Motions to Strike Plaintiffs' Response.  (Docs. 75, 76)  Plaintiffs filed a Motion of Opposition to these Motions (Doc. 77); and Defendant National Mortgage filed a Reply.  (Doc. 78)  This matter is now ripe for review.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs claim that they are the victims of loan "flipping" schemes.  Plaintiffs claim that Defendants took advantage of Plaintiff Demetrious Smith's lack of knowledge about home buying and exploited his desire to own rental property.  Plaintiffs bring claims for undue influence; fraud and misrepresentation; negligence; violation of fiduciary duty; failure to disclose; violations of the Real Estates Settlement Procedures Act; violations of the Federal Trade Commissions Act; violations of the Racketeer Influenced and Corrupt Organizations Act; violations of the Home Equity Loan Consumers Protection Act; violations of Chapter 1322 of the Ohio Revised Code; violation of Ohio Revised Code § 1345.03; civil conspiracy; negligent hire, supervision and retention; injunctive relief; and negligence and lack of supervision by the Hamilton County Treasurer.

Originally, Plaintiffs filed a similar action in the Hamilton County Court of Common Pleas.  Plaintiffs attempted to remove that action to this Court.  On December 14, 2005, this Court remanded the action to state court because under 28 U.S.C § 1441, only a defendant can remove an action from state court to federal court.  On December 23, 2005, Plaintiffs commenced the present action in this Court.  Plaintiffs filed a notice of voluntary dismissal in the state court action on April 28, 2006.

The Court notes that Plaintiffs have also removed three actions ("the foreclosure

actions") from the Hamilton County Court of Common Pleas to this Court. *See ABN AMRO Mortgage Group, Inc. v. Smith, et al.*, No. 1:06cv36; *ABN AMRO Mortgage Group, Inc. v. Smith, et al*, No. 1:06cv37; and *Chase Manhattan Mortgage Corp., et al. v. Smith, et al.*, No. 1:06cv38 (remanded).

## II.   MAGISTRATE JUDGE'S R&R'S

### A.   R&R of January 9, 2007

The Magistrate Judge recommends granting Defendant Hamilton County Treasurer's Motion to Dismiss. (Doc. 13) The Magistrate Judge determined that the Hamilton County Treasurer was not a proper party against whom Plaintiffs could bring their claim that they were erroneously taxed on their property prior to taking ownership. The Magistrate Judge explained that by Ohio statute, the County Auditor is responsible for correcting all clerical errors in the tax lists and duplicates in the name of the person charged with taxes or assessments, the valuation or assessment of property, or in the amount of such taxes. The Magistrate Judge also explained that Ohio statutory law provides that the tax commissioner may remit real property taxes, penalties, and interest found by the commissioner to have been illegally assessed. Based on the foregoing, the Magistrate Judge concluded that Plaintiffs claims against Defendant Hamilton County Treasurer should be dismissed for the failure to state a claim upon which relief could be granted.

### B.   R&R of January 22, 2007

The Magistrate Judge recommends granting Defendants National Mortgage Funding and ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss (Docs. 28, 54); denying as moot Mid America Land Title Agency, Inc., Chelsea Title Agency of Cincinnati, Inc.,

Mortgage Electronic Registration System Inc., Chase Home Finance, LLC's Motions to Dismiss (Docs. 17, 19, 23, 25); and dismissing Plaintiffs' Complaint in its entirety as judicially estopped.

The Magistrate Judge explains that prior to this litigation, on January 7, 2004, Plaintiffs filed a voluntary Chapter 13 Petition in the United States District Court for the Southern District of Ohio; and on April 20, 2004, the bankruptcy court entered an Order Confirming Plan. The Magistrate Judge explained further that Plaintiffs' bankruptcy action is currently on appeal. The Magistrate Judge noted that pursuant to 11 U.S.C. § 521(1), a cause of action is an asset that must be scheduled, and a debtor's obligation to disclose all potential causes of action is a continuing obligation. The Magistrate Judge noted that Plaintiffs attempted to file a Motion to Modify Plan, disclosing that they were in litigation with Defendants ABN AMRO and Chase, but withdrew the motion. The Magistrate Judge found that since Plaintiffs had failed to disclose this current litigation to the bankruptcy court, Plaintiffs were judicially estopped from proceeding with their claims.

## C. Plaintiffs' Objections

In response to the Magistrate Judge's January 9, 2007 R&R, Plaintiffs make several requests. First, Plaintiffs ask this Court to reconsider the Magistrate Judge's Order denying Plaintiffs' motion for appointment of counsel. Next, Plaintiffs ask this Court to review the practices of the United States Bankruptcy Court for the Southern District of Ohio, specifically, the denial of appointment of counsel in their Chapter 13 proceedings before that court. Third, Plaintiffs request an oral hearing regarding an explanation of how a bankruptcy trustee oversees their bankruptcy case in state court. Fourth, Plaintiffs request a oral hearing and argument regarding the real estate taxes assessed on their properties,

which they dispute. Plaintiffs argue that they are entitled to an "adversary hearing" as part of their bankruptcy proceedings.

Regarding the recommendation of dismissal of the Hamilton County Treasurer as a party, Plaintiffs argue that the Treasurer is a proper party based upon a case filed in the Hamilton County Court of Common Pleas, wherein the Treasurer brought suit against Denise Hill.[2] Plaintiffs explain that as a result of the lawsuit brought against Ms. Hill by the Treasurer, Ms. Hill lost her house to the Treasurer because the Treasurer claimed that Ms. Hill owed back real estate taxes. Plaintiffs argue that the dismissal of the Treasurer is premature.

In response to the Magistrate Judge's January 22, 2007 R&R, Plaintiffs argue that the bankruptcy court was fully aware of this action. Plaintiffs maintain that both Judge Aug, the bankruptcy judge presiding over their bankruptcy proceedings, and Margaret Burks, their bankruptcy trustee, were aware of these proceedings. Plaintiffs state that this is established through written evidence, the bankruptcy transcript, this case, and global telephone settlement talks. Plaintiffs explain that their failure to notify the bankruptcy court of this action was probably due to oversight and that their attorney in the bankruptcy matter attempted to submit the modification, but was told by the bankruptcy trustee to retract her modification. Plaintiffs have attached a memorandum from the bankruptcy trustee to their former bankruptcy attorney in which the bankruptcy trustee is repeating a conversation she had with Plaintiff Amy Smith. The bankruptcy trustee states that Ms. Smith told her about a "flipping" case which she has filed with the assistance of counsel, Jim Slattery, in the

---

[2]The identity of Denise Hill and her relationship to this matter, if any, is not clear from the pleadings.

Court of Common Pleas.  In the memo, the bankruptcy trustee explains that if any funds

come from the lawsuit, these funds should be turned over to the trustee.

In addition, Plaintiffs request that an oral argument or hearing be held regarding

their request for a court-appointed attorney.

## III.    ANALYSIS

### A.    Motions to Strike

Defendants National Mortgage Funding and ABN AMRO Mortgage Group Inc. have

filed Motions to Strike Plaintiffs' Response to their Memoranda in Opposition.  Defendants

argue that Plaintiffs' filing is untimely and inappropriate.  Specifically, Defendants argue

that the filing should be struck because it contains (1) highly inappropriate and scandalous

statements about the Court; (2) arguments regarding the appointment of counsel which are

repetitious; (3) a request for classification of this case as "complex;" and (4) additional

objections not permitted by Federal Rule of Civil Procedure 72.  Defendants also suggest

that the Court issue an order enjoining Plaintiffs from filing any further actions or papers

in this Court without first obtaining leave.

The Court finds that none of the above bases are sufficient to strike Plaintiffs' filing.

The Court does find that several of the statements about the legal system made by

Plaintiffs are completely unfounded, but presumes that Plaintiffs make these statements

out of a sense of frustration.[3]   The Court notes that if it struck all documents which

contained repetitious material, including documents filed by well-qualified counsel, its

---

[3]However, the Court surmises that Plaintiffs' frustration is largely caused by their lack of
understanding of the law.  The Court cannot emphasize enough how important it is for Plaintiffs to seek
counsel to represent them in this matter.

docket would be significantly reduced.  Finally, Plaintiffs are proceeding in this matter *pro se*.  A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  While Plaintiffs should have filed for leave to file their response and filed a separate motion for their request to designate this case as "complex," the Court does not find either to sufficient bases to strike the filing.  Therefore, the Motions to Strike are DENIED.

### B.  Plaintiffs' Motion for Extension of Time

On January 8, 2007, Plaintiffs filed a Motion for Extension of Time to File Response to Defendants' Motions to Dismiss (Doc. 60).  The Court finds that this Motion was untimely, and therefore it is DENIED.  On January 16, 2007, Plaintiffs filed a Motion to Reconsider the Magistrate Judges' January 9, 2007 R&R along with Responses to Defendants' Motions to Dismiss.  The Court will construe this pleading as timely objections to the R&R.

### C.  Motion to Dismiss Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.  *DLX, Inc. v. Kentucky*, 381 F.3d 511,

516 (6th Cir. 2004).[4]  Facial attacks, such as the one here, question the sufficiency of the pleadings. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  This court must take the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.*; *Moir v. Cleveland Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990).

A motion to dismiss under Rule 12(b)(6) requires this Court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.  *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867 (1990). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### D.      Motion to Dismiss by Hamilton County Treasurer

The allegations against Defendant Hamilton County Treasurer are as follows:

> Further, the real estate tax bill of the aforementioned real estate, issued the Hamilton County Treasurer defendant Robert Goering, was assigned to the plaintiffs before closing on the real estate was completed.  This shows either knowledge of the falsity of the aforementioned real estate transactions and/or negligence and lack of supervision on the issuance of these taxes to the plaintiffs.  This has caused additional damage to the plaintiffs.

(Doc. 6)  The Court finds no error in the Magistrate Judge's R&R, and therefore the Court GRANTS Hamilton County Treasurer's Motion to Dismiss, and dismisses Count Fifteen, the only claim brought against the Hamilton County Treasurer.

---

[4]Defendant Mid America Land Title Agency, Inc. states that it brings its Motion to Dismiss pursuant to Rule 12(b)(2) for "lack of jurisdiction," but based upon the arguments made by Mid America, the Court finds that Mid America intended to bring its Motion pursuant to 12(b)(1) for lack of subject matter jurisdiction, not lack of jurisdiction over the person.

The Court denies the requests made by Plaintiffs in their objections to the Magistrate Judge's R&R: (1) request for review of the United States Bankruptcy Court for the Southern District of Ohio's denial of appointment of counsel; (2) request for a hearing regarding an explanation of how a bankruptcy trustee oversees their bankruptcy case in state court; and (3) request for a hearing regarding the real estate taxes assessed on their properties.  The Court finds that this is not the proper forum to address these matters and these issues are not relevant to the claims Plaintiffs have brought before this Court in this matter.

### E.      Remaining Motions to Dismiss

The Court will address the arguments made by Defendants as if made by all Defendants, and differentiate only where arguments are applicable to specific Defendants.

#### 1.      Colorado River *Doctrine*

To the extent that Defendants' Motions are based upon the *Colorado River* doctrine, the Court denies the Motions as moot, given Plaintiffs' dismissal of their state court action.

#### 2.      Judicial Estoppel

Defendants argue that Plaintiffs failed to disclose the existence of this lawsuit to the bankruptcy court, and therefore Plaintiffs are judicially estopped from bringing their claims.

There is no dispute that the Plaintiffs were required to disclose this lawsuit as an asset in their Chapter 13 proceedings under 11 U.S.C. § 521(1).  The Court notes that on June 20, 2004, Plaintiffs did disclose "a claim against Jeff & Angela Henry for 'flipping' multiple pieces of real estate" by filing an amended list of personal property with the bankruptcy court.  (Bankruptcy Petition No. 1:04bk10066 ("Bankr. Doc."), Doc. 48, Amended Schedule B)  In addition, Plaintiffs have provided the Court with a memorandum

dated June 19, 2005 from the bankruptcy trustee in their case to their attorney which evidences the trustee's knowledge of the "flipping case" based upon a phone conversation she had with Plaintiff Amy Smith.  (Doc. 70, Ex. H)  The Court also notes that the record in the bankruptcy matter shows that on March 6, 2006 Plaintiffs' bankruptcy counsel filed a Motion to Modify Plan which refers to litigation with Defendants ABN AMRO and Chase.  (Bankr. Doc. 87)  Plaintiffs' counsel was notified that the Motion was not in compliance, and counsel withdrew the Motion.  (Bankr. Doc. 89)  The bankruptcy record also shows that on August 14, 2006 and October 6, 2006, the bankruptcy trustee submitted status reports to the bankruptcy court which specifically reference Plaintiffs' federal causes of actions.  (Bankr. Docs. 131, 153)  The first of these status reports states that the current plan calls for the filing of a fraud/flipping action by Plaintiffs, and explains that "[t]his was discussed at the 341 meeting and the Trustee's Report reflects this."  (Doc. 131)  Finally, the Court notes that Plaintiffs' bankruptcy counsel filed a required status report on February 16, 2007 which provides a detailed history of Plaintiffs' claims before this Court.  (Bankr. Doc. 182)

The Court finds that judicial estoppel is not applicable because the above documents show that Plaintiffs' failure to disclose this litigation was inadvertent.  *Accord Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 898-99 (6th Cir. 2004) (finding inadvertence where record evidence showed that plaintiffs made court and trustee aware of potential civil claim even though claim was omitted from bankruptcy schedule form).  In addition, the Sixth Circuit has indicated that where a trustee has knowledge of a claim, judicial estoppel is not applicable because the plaintiff was obviously not trying to defraud the court if he or she placed the trustee on notice.  *See id.* at 898, n.1 (and cases cited

therein). Therefore, the Court will not dismiss Plaintiffs' claims based upon judicial estoppel.

### 3. Standing

The Court recognizes that the courts in the cases cited by Defendant National Mortgage, as well as the Sixth Circuit, have held that a Chapter 7 bankruptcy trustee, as the bankruptcy estate's representative, reserves the exclusive right to assert causes of action belonging to the bankruptcy estate. Indeed, those courts addressing the standing of a Chapter 7 debtor to assert a cause of action belonging to the bankruptcy estate have generally held that "any such cause of action can only be asserted by the trustee of the bankruptcy estate." *Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir. 1988), *cert. denied*, 489 U.S. 1079 (1989). However, several circuit courts have held that Chapter 13 debtors may invoke 11 U.S.C. § 1306(b) to pursue and control claims that are property of the estate. *Olick v. Parker & Parsley Petrol. Co.*, 145 F.3d 513 (2d Cir. 1998); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1209 n. 2 (3rd Cir. 1991); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-74 (7th Cir. 1999); *see also* 8 Collier on Bankruptcy ¶ 1306.03 (Lawrence P. King ed., 15th ed. rev. 1997). While bankruptcy courts are split on the issue of whether a Chapter 13 debtor may sue or be sued, the bankruptcy court for this district has held that the debtor has concurrent power with the Chapter 13 trustee to sue and be sued. *In re Wirmel*, 134 B.R. 258, 260 (Bankr.S.D.Ohio 1991). Unlike a Chapter 7 bankruptcy in which a trustee is appointed to liquidate the assets of the bankruptcy estate for the benefit of creditors, a chapter 13 bankruptcy provides for a reorganization plan in which the creditors' recovery is drawn from the debtor's earnings, not from the assets of the estate. *Olick*, 145 F.3d at

516.  Therefore, this Court concludes that Plaintiffs do have standing to assert their claims.

### 4.    Undue Influence (Count One)

Plaintiffs' allegations regarding its claim for undue influence are specific to Defendant Jeff Henry.  There are no allegations which refer to the other Defendants, either generally or specifically.  Therefore, Plaintiffs' claim for undue influence is dismissed as to Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.

### 5.    Fraud and misrepresentation (Count Two)

Defendants argue that Plaintiffs have failed to plead fraud and misrepresentation with the necessary particularity.  Under Federal Rule of Civil Procedure 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  In complying with Rule 9(b), a plaintiff, at a minimum, must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993) (internal quotation marks and citations omitted).  However, this Court must also keep in mind that Plaintiffs are proceeding *pro se*, and are permitted a certain amount of leeway. Viewed in this light, the Court finds that the pleadings give Defendants a fair notice of the substance of Plaintiffs' fraud claim against them.  Plaintiffs spell out the elements of fraud based upon a contract.  Plaintiffs then explain the details of fraudulent behavior, which they allege was perpetrated by Defendant Jeff Henry, but with the other Defendants' knowledge.

While the specific dates are not alleged in the Complaint, Defendants are well-aware of when the transactions occurred because they know the dates of the closings, and the dates default was entered against Plaintiffs.

However, even if Plaintiffs' allegations failed to satisfy Rule 9(b)'s requirements, dismissal on this basis alone would not be appropriate in the absence of a motion for a more definite statement under Fed.R.Civ.P. 12(e). *Ohio Bureau of Workers' Compensation v. MDL Active Duration Fund, Ltd.*, 2007 WL 315101, *4 (S.D.Ohio Jan. 29, 2007) (slip op.), *citing Coffey*, 2 F.3d at 162. Defendants have not filed such a motion in this case. Therefore, the Court DENIES Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim for fraud and misrepresentation.

### 6. Negligence (Count Three) and Violation of fiduciary duty (Counts Four and Five)

Defendants argue that this claim should be dismissed because they owed no duty to Plaintiffs and there is no privity of contract between Plaintiffs and the Defendants.

Under Ohio law, to prevail on a negligence claim the plaintiff must prove: (1) defendant owed plaintiff a duty, (2) defendant breached that duty, and (3) such breach was the proximate cause of plaintiff's injuries. *Chambers v. St. Mary's School*, 697 N.E.2d 198, 200 (Ohio 1998) (citations omitted). The existence of a duty is ordinarily a question of law. *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989). "Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff."

*Commerce & Industry Ins. Co.*, 543 N.E.2d 1188, 1192 (Ohio 1989). The existence of a duty depends upon the foreseeability of harm: if a reasonably prudent person would have anticipated that an injury was likely to result from a particular act, the court could find that the duty element of negligence is satisfied. *Id.*

One Ohio court has held that a such a duty exists in a case involving the "flipping" of mortgages where it was alleged that the title agencies were aware of fraud being committed upon innocent parties and were also aware that their involvement was contributing to the fraud. *See Childs v. Charske*, 822 N.E.2d 853, 857 (Ohio Com.Pl. 2004). The court explained that if the title agencies were aware of, or should have been aware of, or were "willfully blind" to a fraud, they had a duty to prevent harm to the plaintiffs. *Id.* at 859. The court also found that a lack of privity was not a basis to grant the defendants' motions to dismiss. *Id.* at 860. The court explained:

> At least in a multiparty complex transaction, if a party, without which a "scheme to defraud" could not achieve its intended objective, knows, actually or constructively, of the scheme and of the party's integral function and chooses to participate, that party owes a duty to the foreseeable victims of the scheme not to cause them injury by its actions or to permit injury to occur by its inaction.

*Id.* Therefore, the Court finds as a matter of law, Defendants owed Plaintiffs a duty. Accordingly, the Court DENIES Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim for negligence and breach of fiduciary duty.

### 7.    Real Estates Settlement Procedures Act (Count Six)

Defendants argue that Plaintiffs' claim is barred by the one year statute of limitations

provided in 12 U.S.C. § 2614.[5]

Plaintiffs allege that Defendants received compensation and payments which exceeded the reasonable value of any goods, facilities or services received by Plaintiffs, which constituted unearned fees, kickbacks or "other things of value" in violation of the Act.

The Real Estates Settlement Procedures Act ("RESPA") provides:

> No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person.

12 U.S.C. § 2607(a). While a one-year statute of limitations is applicable to actions brought pursuant to this section, several courts have held that RESPA's statute of limitation is subject to the equitable tolling doctrine. *See Carr v. Home Tech Co., Inc.*, 2007 WL 678637, *8 (W.D.Tenn. 2007) (finding that statute of limitation under RESPA is subject to equitable tolling); *Mullinax v. Radian Guar. Inc.*, 199 F.Supp.2d 311, 328 (M.D.N.C. 2002) (finding that RESPA's time limitation is not a jurisdictional requirement and RESPA's statute of limitations period is therefore subject to equitable tolling); *Pedraza v. United Guar. Corp.*, 114 F.Supp.2d 1347, 1353 (S.D.Ga. 2000) (same); *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166-67 (7th Cir. 1997) (same); *but see Hardin v.*

---

[5]This section provides:

Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation.

12 U.S.C. § 2614

*City Title & Escrow Company*, 797 F.2d 1037 (D.C.Cir. 1986) (equitable tolling is not available for a RESPA plaintiff).[6]

The United States Supreme Court has permitted equitable tolling where the claimant "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or where the claimant was "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Sixth Circuit has identified five factors for courts to consider when determining whether equitable tolling is appropriate: (1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (explaining factors in making determination whether equitable tolling of EEOC filing period is appropriate).

According to Defendants, the closings on the real estate transactions in this action occurred on December 6, 2002, January 29, 2003, and June 23, 2003. The Court uses these dates as the dates as the alleged violations. *Accord Mullinax*, 199 F.Supp.2d at 325. Plaintiffs filed their first lawsuit, with the assistance of counsel, in state court on December 27, 2004. The present action was filed on January 24, 2006. Even if Plaintiffs could somehow rely upon the date of the filing of their first lawsuit, Plaintiffs RESPA claim was clearly filed outside of the statute of limitations.

---

[6]The Sixth Circuit has not yet decided whether equitable tolling is applicable, but it has held that the similarly-worded Truth in Lending Act is subject to equitable tolling. *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984).

Plaintiffs have not argued that this is a case of fraudulent concealment.[7]  The only statement the Court could identify relating to the issue is Plaintiffs' assertion that: "Testimony will reveal that at the time we filed our petition, we didn't have a complaint filed about the mortgage fraud, yet.  It was not until almost a year later, from being sent on a wild goose chase, that we filed our complaint in state court because we were never advised about other possible forums."  (Doc. 74)  However, the Court notes that Plaintiffs were represented by counsel in both their bankruptcy proceedings and in their original state court action.  Constructive knowledge is attributed to an individual who has retained an attorney.  *Black v. Columbus Public Schools*, 211 F.Supp.2d 975, 982 (S.D.Ohio 2002)*, citing Jackson v. Richards Medical Co.*, 961 F.2d 575, 579 (6th Cir. 1992).  Therefore, this factor weighs against Plaintiffs.  In addition, it is well-settled that neither "excusable neglect" nor ignorance of the law alone is sufficient to invoke equitable tolling.  *Irwin*, 498 U.S. at 96; *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).  Based upon the record presented to the Court, the Court concludes that equitable tolling is not applicable.  Therefore, Plaintiffs' RESPA claim is barred by the statute of limitations, and the Court GRANTS Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim.

### 8.    Federal Trade Commissions Act (Count Seven)

---

[7]In cases of fraudulent concealment, the statute of limitations can be tolled when the plaintiff demonstrates that: "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence."  *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992).  Plaintiffs have not made any such showing here.

Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, outlaws unfair and deceptive acts and practices in or affecting commerce. *Morales v. Walker Motors Sales, Inc.*,162 F.Supp.2d 786, 790 (S.D.Ohio 2000). Courts have uniformly held that a private right of action does not exist under section 5 of the FTCA. *Id.* As this Court has previously explained, in enacting section 5, Congress had intended that the Federal Trade Commission, a highly specialized administrative agency, decide whether a particular act constituted an unfair or deceptive practice, and that courts deciding lawsuits filed by private individuals would disrupt that carefully constructed administrative process. *Id.*, *citing Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C.Cir. 1973). Accordingly, the Court GRANTS Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim for violations of the FTCA.

## 9. Racketeer Influenced and Corrupt Organizations Act (Count Eight

To prove a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Plaintiffs must show: (1) that there were two or more predicate offenses; (2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; (3) a nexus between the pattern of racketeering activity and the enterprise; and (4) an injury to his business or property by reason of the above. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993). "In order to establish 'racketeering activity' the plaintiffs must allege a predicate act." *Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999), *citing Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384,

389 (6th Cir. 1996). Plaintiffs have not alleged any of the predicate acts that are specifically listed in 18 U.S.C. § 1961(1). Instead, Plaintiffs base their RICO claim on Defendants alleged "deceptive and unfair practices or acts in the aforementioned real estate transactions." Because Plaintiffs have failed to state a claim to which they are entitled to relief, the Court GRANTS Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim for violations of RICO.

### 10. Home Equity Loan Consumers Protection Act (Count Nine)

The Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1601, *et seq*. applies to certain high risk loans involving higher interest rates and costs. The Act only applies mortgages which fall within the Act's definition:

> A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if--
>
> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or
>
> (B) the total points and fees payable by the consumer at or before closing will exceed the greater of--
>
> > (i) 8 percent of the total loan amount; or
> >
> > (ii) $400.

15 U.S.C. § 1602 (aa)(1). Plaintiffs have not alleged any facts which would indicate that any of the mortgages at issue meet this definition. Therefore, Plaintiffs have failed to state

a claim under HOEPA. Accordingly, the Court GRANTS Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim for violations of HOEPA.

### 11.    Chapter 1322 of the Ohio Revised Code (Count Ten)

Defendants Chelsea Title, Mid-America Land Title Agency, and Chase Home Finance argue that Plaintiffs have not alleged any facts which demonstrate that Ohio's Mortgage Broker's Act is applicable to them.

"The Ohio Mortgage Brokers Act ( R.C. Chapter 1322) is designed in part to protect mortgage borrowers from wrongful conduct by mortgage brokers." *Myer v. Preferred Credit, Inc.*, 766 N.E.2d 612 (Ohio Com.Pl. 2001). In the Complaint, Plaintiffs cite to sections 1322.062, 1322.07, 1322.071, and 1322.11. Section 1322.062 applies to a "registrant," which "means any person that has been issued a mortgage broker certificate of registration under sections 1322.01 to 1322.12 of the Revised Code." Ohio Rev. Code §1322.01(J). Section 1322.07 applies to "mortgage broker, registrant, licensee, or applicant for a certificate of registration or license under sections 1322.01 to 1322.12 of the Revised Code." Section 1322.071 applies to a "mortgage broker, registrant, or licensee." Defendants Chelsea Title and Mid-America Land Title Agency maintain that they are title agencies, and Chase Home Finance maintains that it does not fall within the statute. Plaintiffs have not argued to the contrary. Therefore, the Court GRANTS Defendants Chelsea Title, Mid-America Land Title Agency, and Chase Home Finance's Motion to Dismiss Plaintiffs' claims under Ohio's Mortgage Broker's Act.

## 12.  Ohio Revised Code § 1345.03 (Count Eleven)

Defendants argue that section 1345.03, which is part of Ohio's Consumer Sales Practice Act, does not apply.  Ohio's Consumer Sales Practice Act prohibits unconscionable acts or practices in connection with consumer transactions.  A "consumer transaction" is defined as any "sale, lease, assignment, award by chance, or other transfer of an item of goods . . . to an individual for purposes that are primarily personal, family, or household."  Ohio Rev. Code § 1345.01(A).  The Ohio Supreme Court has held that the Consumer Sales Practice Act does not apply to pure real estate transactions.  *Brown v. Liberty Clubs, Inc.*, 543 N.E.2d 783, 786 (Ohio 1989) ("we hold that the Consumer Sales Practices Act, embodied in R.C. Chapter 1345, is applicable to the personal property or services portion of a mixed transaction involving both the transfer of personal property or services, and the transfer of real property.")  Because Plaintiffs' allegations relate to a pure real estate transaction, the Court GRANTS Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim under Ohio Revised Code § 1345.03.

## 13.  Civil conspiracy (Count Twelve)

Defendants argue that Plaintiffs have failed to allege certain elements necessary to establish a civil conspiracy under Ohio law.

Ohio defines civil conspiracy as " 'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.' " *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866 (1995), *quoting LeFort v. Century 21-Maitland Realty Co.*, 512 N.E.2d 640, 645 (Ohio 1987).  To

establish a claim of civil conspiracy, the plaintiff must prove: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 629 N.E.2d 28, 33 (1993).

A civil conspiracy claim cannot succeed without an underlying unlawful act. *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). Under Ohio law, "[a]n act of fraud can serve as the underlying unlawful act or tort." *Dickerson Internationale, Inc. v. Klockner*, 743 N.E.2d 984, 990 (Ohio Ct.App. 2000). Plaintiffs have alleged that Defendants knew of the details of the fraudulent acts taken by Defendant Jeffrey Henry and participated in a conspiracy which resulted in an injury to Plaintiffs. This Court has previously held in a case involving similar facts, that if the plaintiffs could prove the existence of a conspiracy, then a lender could be held liable for the fraudulent conduct of its co-conspirators. *See Matthews v. New Century Mortgage Corp.*, 185 F.Supp.2d 874, 890 (S.D.Ohio 2002). Accordingly, the Court finds that Plaintiffs have adequately alleged a claim for civil conspiracy; and the Court DENIES Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' civil conspiracy claim.

### 14. Negligent hire, supervision, and retention (Count Thirteen)

Ohio recognizes a claim for negligent supervision. An underlying requirement in actions for negligent supervision is that the employee acting within the scope of his employment is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer. *Strock v. Pressnell*, 527 N.E.2d

1235, 1244 (Ohio 1988). The elements of a negligent supervision claim under Ohio law are the same as those of a negligent hiring or retention claim. *See Browning v. Ohio State Hwy. Patrol*, 786 N.E.2d 94, 103 (Ohio Ct. App. 2003). Those elements are: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Bush v. American Honda Motor Co., Inc.*, 227 F.Supp.2d 780, 801 (S.D.Ohio 2002), *quoting Steppe v. Kmart Stores*, 737 N.E.2d 58, 66 (1999). Given this Court's ruling on Plaintiffs' claim for negligence, the Court rejects Defendants arguments that Defendants owed no duty to Plaintiffs. Therefore, the Court DENIES Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.'s Motions to Dismiss as they relate to Plaintiffs' claim for negligent hire, supervision, and retention.

### 15. Injunctive relief (Count Fourteen)

While this claim refers to all Defendants, it appears that Plaintiffs are specifically seeking relief from Defendant ABN AMRO Mortgage Group, Inc., in that they are asking this Court to enjoin the sale of their property in the foreclosure actions. Therefore, this claim is dismissed against Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding; but remains pending against ABN AMRO Mortgage Group, Inc.

### F. Appointment of Counsel

Plaintiffs have asked this Court to reconsider the Magistrate Judge's Order denying Plaintiffs' motion for appointment of counsel. Plaintiffs have also requested an oral argument or hearing on this matter.

The Court finds that oral argument or an evidentiary hearing is unnecessary. As the Magistrate Judge has explained previously, the appointment of counsel in a civil case is not a constitutional right; and it is a privilege that is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993). The Court agrees with the finding of the Magistrate Judge that Plaintiffs have not satisfied the "exceptional circumstances" requirement.

However, this Court has serious reservations about Plaintiffs proceeding *pro se*. While the Court appreciates the time Plaintiffs have spent educating themselves on certain legal issues, the Court agrees with the Magistrate Judge that the "garbage in - garbage out" computer analogy may characterize the Court's attempt to render a fair and just verdict. (See Doc. 37) Moreover, the Court views Plaintiffs' repeated practice of filing documents *pro se* in the other cases pending before this Court and before the bankruptcy court where they are represented by counsel as being unacceptable, and will not be tolerated in this matter. In addition, the Court notes that Plaintiffs' counsel of record in the other matters has electronically filed documents on behalf of the Plaintiffs in this matter, despite having not made an appearance in this matter. (See Doc. 60) Plaintiffs cannot proceed in this fashion. The Court repeats the Magistrate Judge's well-founded recommendation that Plaintiffs secure counsel to represent them in this matter.

### G. Plaintiffs' Request for Classification as Complex Litigation

The Court finds no basis to support Plaintiffs' Request for Classification as Complex

Litigation, and therefore the Court DENIES Plaintiffs' Request.

### H. Motion for a Telephone Status Conference

Defendant National Mortgage Funding has moved for a telephone status conference in the event that the Court does not grant the Defendants' Motions to Dismiss. Given the state of the record, the Court finds that a telephone status conference would be helpful in addressing both the issue of Plaintiffs' representation and a global resolution of the issues in this case and the other cases filed by Plaintiffs.

Accordingly, this matter is set for a telephone conference, as detailed below. Plaintiffs are again strongly advised to find counsel to represent them in this matter. In the even Plaintiffs are able to secure counsel before the scheduled telephone conference, counsel for Plaintiffs shall enter an appearance in the record before the conference occurs.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R dated January 9, 2007 (Doc. 62). For the reasons stated above, the Court declines to adopt the Magistrate Judge's R&R dated January 22, 2007 (Doc. 69).

Plaintiffs' remaining claims are as follows: undue influence against Defendant Jeff Henry (Count One); fraud and misrepresentation (Count Two) against all Defendants; negligence (Count Three) against all Defendants; violation of fiduciary duty (Counts Four and Five) against all Defendants; claims under Ohio's Mortgage Broker's Act (Count Ten) against all Defendants other than Chelsea Title, Mid-America Land Title Agency, and Chase Home Finance; civil conspiracy (Count Twelve) against all Defendants; negligent hire, supervision, and retention (Count Thirteen); and claim for injunctive relief (Count

Fourteen) against ABN AMRO Mortgage Group.

Accordingly, it is hereby **ORDERED** that:

1.    Defendants National Mortgage Funding and ABN AMRO Mortgage Group Inc.'s Motions to Strike Plaintiffs' Response (Docs. 75, 76) are **DENIED**;

2.    Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motions to Dismiss (Doc. 60) is **DENIED**;

3.    The Magistrate Judge's R&R dated January 9, 2007 (Doc. 62) is hereby **ADOPTED**;

      a.    Defendant Hamilton County Treasurer is **DISMISSED** as a party;

      b.    Count Fifteen is dismissed from the Complaint;

      c.    Plaintiffs' Motion for Reconsideration of the Magistrate Judge's R&R (Doc. 66) is **DENIED**;

4.    The Court **DECLINES to ADOPT** the Magistrate Judge's R&R dated January 22, 2007 (Doc. 69);

5.    The Court **DENIES in PART and GRANTS in PART** the Motions to Dismiss filed by Defendants (Docs. 13, 17, 19, 23, 25, 28, 54);

      a.    Plaintiffs' claim for undue influence (Count One) is dismissed as to Defendants Mid-America Land Title Agency, Chelsea Title Agency, Mortgage Electronic Registration Systems, Inc., Chase Home Finance, LLC, National Mortgage Funding, ABN AMRO Mortgage Group, Inc.;

      b.    Plaintiffs' claim under RESPA (Count Six) is dismissed from the Complaint;

      c.    Plaintiffs' claim under the Federal Trade Commissions Act (Count Seven) is dismissed from the Complaint;

      d.    Plaintiffs' claim under Racketeer Influenced and Corrupt Organizations Act (Count Eight) is dismissed from the Complaint;

      e.    Plaintiffs' claim under Home Equity Loan Consumers Protection Act (Count Nine) is dismissed from the Complaint;

      f.    Plaintiffs' claim under Ohio's Mortgage Brokers Act (Count Ten) is

dismissed as to Defendants Chelsea Title, Mid-America Land Title Agency, and Chase Home Finance

g.   Plaintiffs' claim under Ohio Revised Code § 1345.03 (Count Eleven) is dismissed from the Complaint; and

h.   Plaintiffs' claim for injunctive relief (Count Fourteen ) is dismissed against as to all Defendants except ABN AMRO Mortgage Group;

6.   The Court **DENIES** Plaintiffs' Request for Classification as Complex Litigation;

7.   The Court **GRANTS** Defendant National Mortgage Funding's Motion for Hearing (Doc. 53);

8.   This matter is set status conference by telephone on April 12, 2007, at 9:30 a.m. Parties shall initiate contact with the Court by calling 513-564-7660 five (5) minutes prior to 9:30 a.m.

9.   The Court directs the Clerk to serve a copy of this Order upon Attorney Rose Ann Fleming, who represents Plaintiffs in other matters pending before this Court.

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court