**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Demetrious Smith, *et al.*

    Plaintiffs,

    v.                                                       Case No. 1:06cv45

ABN AMRO Mortgage Group, Inc., *et al.*          Judge Michael R. Barrett

    Defendants

## OPINION & ORDER

This matter is before the Court upon Plaintiffs' *Ex Parte* Application of Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should not be Issued. (Doc. 102) Following an informal hearing regarding Plaintiffs' Motion, Defendants National Mortgage Funding and Chase Manhattan Mortgage Corporation filed Memoranda in Opposition. (Docs. 105, 106)

**I.    BACKGROUND**

Plaintiffs are seeking a temporary restraining order and preliminary injunction enjoining the sale of their property at 5555 Ehrling Road. The property is scheduled to be sold at a Sheriff's Sale on July 12, 2007.

In their Motion, Plaintiffs state that they purchased the property with the intention of increasing their personal income. However, according to Plaintiffs, they were victims of a mortgage flipping scheme. Plaintiffs claim that they were induced into buying the property based on a fraudulent appraisal and the representations of Defendant Jeff Henry, an employee of National Mortgage Funding. Plaintiffs state that Aegis Funding

Corporation,[1] which Plaintiffs claim is a subsidiary of Chase Manhattan Bank, issued a mortgage in the amount of $85,400. The property is currently appraised at $69,000. (Doc. 104, Ex. C) Plaintiffs' remaining obligation on the mortgage is $85,014.08. (Id., Ex. B)

Defendants Chase Manhattan and Mortgage Electronic Registration Systems, Inc. filed a foreclosure action on the property in the Hamilton County Court of Common Pleas. On December 8, 2006, the state court entered summary judgment against Plaintiffs. (Doc. 104, Ex. B) Plaintiffs have appealed this ruling. Notice of the sale of the property was issued on June 21, 2007. (Id., Ex. C) The state court entered an order conditioning any stay of execution upon the posting of a bond in the amount of the underlying judgment, plus interest at the rate of 9.36% per annum from September 1, 2003, court costs, late charges and other costs. (Doc. 105, Ex. C) Counsel for Plaintiffs represented to this Court that Plaintiffs were unable to post the amount of the bond.[2]

Counsel for Plaintiffs informed the Court that the property is not Plaintiffs' residence, but their sixteen year-old daughter is living in the home. Plaintiffs claim that their mental health is being threatened by the foreclosure sale, and if the sale proceeds, the property will be irreparably lost.

This property is subject to Plaintiffs' Chapter 13 Bankruptcy Plan. (Doc. 104, Exs. D) The Plan was confirmed by the Bankruptcy Court for the Southern District of Ohio (Id., Ex. E) Under the terms of the Plan, "The real estate at 5555 Ehrling shall be surrendered

---

[1] Aegis Funding is not a party to this litigation, but is the subject of Plaintiffs' recently-filed Motion for Leave to file First Amended Complaint. (Doc. 100)

[2] In their affidavits attached to the Motion, Plaintiffs explain that they are unable to afford the cost of the bond due to their financial situation.

to Chase Mortgage with any deficiency being paid as a general unsecured creditor upon filing of a timely claim." (Id.) Plaintiffs were represented by counsel in the bankruptcy proceedings, but now claim that they were ill-advised due to a conflict of interest, and never intended to relinquish the property.[3] Plaintiffs also claim that they did not sign the Plan. Plaintiffs moved the Bankruptcy Court to re-impose the stay on the property. That motion was denied, and Plaintiffs filed an appeal, which is currently pending.

## II. ANALYSIS

Defendants make a number of arguments why this Court should not issue injunctive relief. First, Defendants argue that the Anti-Injunction Act, 28 U.S.C. §2283, forbids the use of a federal injunction to stay litigation in a state court. Next, Defendants argue that injunctive relief is barred by the *Rooker-Feldman* doctrine and the abstention doctrine recognized by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). Third, Defendants argue that the injunctive relief sought by Plaintiffs conflicts with the terms of Plaintiffs' Chapter 13 Bankruptcy Plan. Finally, Defendants argue that Plaintiffs have not met their burden of demonstrating, by clear and convincing evidence, the prerequisites for issuance of an injunction, including the requirements: (1) that there is a substantial likelihood that they will prevail on the merits, and (2) that they will suffer irreparable harm if an injunction was not issued.

### A. Rooker-Feldman

Defendants argue that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. However, *Rooker-Feldman* is a doctrine with only limited

---

[3]Plaintiffs' counsel in this action, Rose Ann Fleming, took over their representation on August 25, 2005, after Attorney Eric W. Goering was permitted by the Court to withdraw.

application. *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). The doctrine gets its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As the Supreme Court has explained: "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e.g.*, § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity)." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005). In both *Rooker* and *Feldman*, "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id*.

The Sixth Circuit has explained that the key inquiry in determining whether a claim falls within the scope of the *Rooker-Feldman* doctrine is the source of the injury which the plaintiff alleges in his or her federal complaint:

> If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). However, there are exceptions to this rule of thumb. For example, if a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself. *Id*., *citing Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) (finding that the plaintiffs' challenge to a county board of election's refusal

to tally certain absentee ballots was in fact a challenge to the state court judgment that the ballots were invalid). As the Sixth Circuit has explained: "The key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim." *Id.*

The Court finds that *Rooker-Feldman* is not a bar to the present action. The Court is mindful of the Sixth Circuit's admonishment that the *Rooker-Feldman* doctrine "is not a panacea to be applied whenever state court decisions and federal court decisions potentially or actually overlap." *McCormick*, 451 F.3d at 395. Here, Plaintiffs' remaining claims are undue influence; fraud and misrepresentation; negligence; violation of fiduciary duty; claims under Ohio's Mortgage Broker's Act; civil conspiracy; and negligent hire, supervision, and retention. At least as alleged in the Complaint and the Amended Complaint, Plaintiffs are not seeking to overturn the order of foreclosure issued by the state court. No where in Plaintiffs' demand for relief, in either the original Complaint or the Amended Complaint is there a request for a return of the property to Plaintiffs. Therefore, the Court finds that the claims before this Court are independent from the foreclosure action pending in state court. While "these independent claims may deny a legal conclusion of the state court . . . this fact does not lead to a divestment of subject matter jurisdiction in the federal courts." *McCormick*, 451 F.3d at 392.

The Court finds an unpublished decision by the Sixth Circuit instructive on this point. *See Brown v. First Nationwide Mortg. Corp.*, 2006 WL 3289232 (6th Cir. Nov. 9, 2006) (unpublished). In *Brown*, the plaintiff maintained that his injuries were caused not by the final decree of foreclosure issued by the state court but, instead, by the actions of various people involved in the mortgage foreclosure proceedings. *Id.* at *3. Specifically, the

plaintiff alleged wrongdoing by the state court, the attorneys involved in the mortgage foreclosure action, and the parties involved in the mortgage foreclosure action. *Id.* The plaintiff alleged that there were *ex parte* communications with the judge, "deceitful tactics to make sure that Mr. Brown was not aware of the court proceedings," and an improper modification of a final judgment in the state court. *Id.* Citing to its decision in *McCormick*, which the court explained involved claims similar to the plaintiffs, the court concluded that federal jurisdiction was proper. *Id.* at *4. The court explained that the plaintiff's allegations of fraud in connection with the state court proceedings, like those in *McCormick*, did not constitute complaints of injuries caused by the state court judgments. *Id.* The court explained further that the plaintiff was not claiming that the source of his alleged injury was the foreclosure decree itself. *Id.* Instead, the claims addressed the defendant's actions which preceded the decree. *Id.* The Court cannot find any distinction between *McCormick* or *Brown* and the present action. Therefore, the Court finds that it does have subject matter jurisdiction.

B. <u>**Anti-Injunction Act**</u>

The Anti-Injunction Act prohibits federal courts from enjoining state court proceedings. 28 U.S.C. § 2283. Three statutory exceptions exist to this blanket prohibition: (1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments. *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004), *citing* 28 U.S.C. § 2283.

The first exception cannot be applicable because no federal claims remain pending

before this Court. Plaintiffs' state law claims remain before this Court because the Court has chosen to exercise its supplemental jurisdiction in the interest of judicial economy. (See Doc. 90)

Under the second exception, a requested injunction must not only be related to the federal district court's jurisdiction, but also must be "necessary in aid of" such jurisdiction. *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 294-95 (1970). Courts have applied this second exception in only two scenarios: where the case is removed from the state court, and where the federal court acquires *in rem* or quasi *in rem* jurisdiction over a case involving real property before the state court does. *Martingale*, 361 F.3d at 302. Neither scenario is present here. This action was not removed from state court and is a *in personam* action seeking monetary damages. *Accord Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990) (holding that federal court cannot enjoin ongoing state foreclosure proceedings because injunction not necessary in aid of jurisdiction where "lawsuit is . . . an ordinary *in personam* action, and the mere fact that debts secured by real property are at issue . . . does not transform it into an *in rem* proceeding."); *see also Millonzi v. Bank of Hillside*, 605 F.Supp. 140 (N.D.Ill. 1985) (refusing to enjoin a bank from continuing foreclosure proceedings).

Finally, Plaintiffs cannot show that an injunction would be necessary to promote or effectuate this Court's judgments because there has been no prior federal court decision regarding the foreclosure. *Accord First Federal Sav. and Loan Ass'n of Warner Robins v. Ohio Valley Sav. and Loan Ass'n of Steubenville*, Ohio, 666 F.Supp. 215, 217 (M.D.Ga. 1987) (holding that foreclosure action in state court is not interfering with a judgment of

district court where the dispute was neither litigated in nor has judgment been rendered by district court); *see also* 17 Wright, Miller & Cooper, Federal Practice and Procedure § 4226 at 548-49 (explaining that the exception "does not permit a federal court to enjoin state proceedings to protect a judgment that the federal court may make in the future but has not yet made.").

Because Plaintiffs' claims do not fall within one of the three statutory exceptions to the Anti-Injunction Act prohibits, this Court is prohibited from enjoining the state court proceedings.

### C. Injunctive Relief

Moreover, the Court finds that Plaintiffs have not alleged facts sufficient to warrant a temporary restraining order. In determining whether to issue a temporary restraining order, this Court must balance the following factors: (1) whether the party seeking the injunction has shown a substantial likelihood of success on the merits; (2) whether the party seeking the injunction will suffer irreparable harm absent the injunction; (3) whether an injunction will cause others to suffer substantial harm; and (4) whether the public interest would be served by a preliminary injunction. *Evans v. Collins*, 2007 WL 1656237, *2 (S.D.Ohio June 6, 2007) (slip op.), *citing U.S. v. Bayshore Associates, Inc.*, 934 F.2d 1391, 1398 (6th Cir. 1991).

The Court finds that Plaintiffs' showing of irreparable harm is insufficient. It is well-settled that "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Here, Plaintiffs are only seeking monetary damages, and there is nothing in the record which would indicate that if Plaintiffs are successful on their claims, that they cannot be fully

compensated by money damages.  *Cf. Deans v. Long Beach Mortgage Co.*, 2007 WL 772892, *3 (W.D. Mich. March 12, 2007) (enjoining sheriff's sale of residence where if sale were to proceed the plaintiff would be homeless and would lose the right to rescind loan under Truth in Lending Act).  Accordingly, Plaintiffs are not entitled to injunctive relief.

## III.     CONCLUSION

Based on the foregoing, Plaintiffs' *Ex Parte* Application of Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should not be Issued (Doc. 102) is hereby **DENIED**.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court